IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE ANTONIO SANTIAGO-ALICEA

Petitioner

v.

UNITED STATES OF AMERICA

Respondent

CIVIL NO. 97-1879(SEC)
Re: Criminal No. 95-428(SEC)

Section 2255

## ORDER

### Background

On August 12, 1996, pursuant to a plea of guilty as to the charges brought under Count Two of the Indictment returned against him,[1] petitioner José Antonio Santiago Alicea was sentenced to serve a term of imprisonment of 120 months followed by 5 years of supervised release, judgment being entered accordingly. (Criminal Docket No. 30). Petitioner did not appeal.[2] Now before the Court is petitioner's motion for relief pursuant to 28 U.S.C. § 2255.

### Petitioner's Section 2255 Motion and the United States' Opposition Thereto

Petitioner grounds his request for relief on the following claims: (1) the failure to file a direct appeal concerning petitioner's role in the offense and sentencing constituted ineffective assistance of counsel; (2) the Court erred at sentencing by failing to award a 2-

---

[1] The only count of the Indictment charged that petitioner "...knowingly, willfully, intentionally and unlawfully, did possess with intent to distribute approximately sixteen (16) kilograms (gross weight) of cocaine..." (Criminal Docket No. 6).

[2] The record reflects that, at the Sentencing Hearing, petitioner was duly advised of his right to appeal. (Criminal Docket No. 33 at 7).

<u>Santiago-Alicea v. USA</u>                                                              Page -2-
Civil No. 97-1879(SEC)
Re: Criminal No. 95-428(SEC)

point reduction for minor participation and in failing to depart downward pursuant to 18 U.S.C. §§ 3553(a)(6) and (b); (3) the sentenced imposed was excessive and constitutes cruel and unusual punishment to the petitioner.

The United States has opposed petitioner's motion arguing that the sentence is within the statutory and guideline boundaries as per the Plea Agreement between the parties. It also states that petitioner's claims of ineffective assistance are meritless as the sentence would have passed appellate muster.

Discussion

Claims of error as to the application of the sentencing guidelines are not customarily cognizable by way of a Section 2255 motion. However, when such claims are intertwined with ineffective assistance of counsel allegations, they attain constitutional dimensions. <u>Knight v. United States</u>, 37 F.3d 769, 772 (1st Cir. 1994). In other words, "[a]lthough petitioner cannot raise the alleged sentencing error under § 2255, by claiming ineffective assistance of counsel as the basis for his failure to directly appeal, his petition can be read as attacking the waiver of his right to appeal rather than the underlying error in the sentence." <u>Ryan v. United States</u>, 97 F.Supp.2d 190, ___ (D. Mass. 2000) (No. 97-10867-DPW).

In this case the record is explicit as to defendant's knowledge of his right to appeal, as per the Court admonishments pursuant to Fed. R. Crim. P. 32. The Court stated, "Although you pled guilty, Mr. Santiago, you are advised that you may appeal the imposed sentence within 10 days after the entry of judgment if you feel that the statement was imposed in violation of law, as a result of an incorrect application of the sentencing

Santiago-Alicea v. USA  Page -3-
Civil No. 97-1879(SEC)
Re: Criminal No. 95-428(SEC)

guidelines or was unreasonable." <u>Sentencing Hearing Transcript</u> (Docket No. 33) at 7.

In <u>United States v. Tajeddini</u>, 945 F.2d 458 (1st Cir. 1991), <u>cert. denied</u>, 112 S.Ct. 3009 (1992), the First Circuit Court of Appeals held that a presumption of prejudice applied in those instances where the failure to file a notice of appeal could be attributed to the dereliction of counsel. <u>See also</u>, <u>Bonneau v. United States</u>, 961 F.2d 17 (1st Cir. 1992); <u>United States v. Estela-Meléndez</u>, 878 F.2d 24 (1st Cir. 1989). "The per se treatment afforded under Tajeddini, however, was recently abrogated by the Supreme Court in <u>Roe v. Flores-Ortega</u>, __ U.S. __, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Court in Flores-Ortega held that a § 2255 petition asserting ineffective assistance of counsel as the basis for a failure to appeal must actually establish ineffective assistance under Strickland, and cannot benefit from Tajeddini's presumption of prejudice." <u>Ryan</u>, <u>supra</u>.

> First, to determine whether counsel's assistance was reasonable, the determinative question is whether the attorney had a duty to consult with the defendant about the advantages and disadvantages of appeal, and then determine whether the defendant wished to pursue one.
>
> [...,]
>
> The second prong of Strickland, the requirement of prejudice, translates in this context to a showing that, but for counsel's failure to consult about an appeal, petitioner would have timely appealed.

<u>Ryan</u>, <u>supra</u>.

"In those cases where the defendant neither instructs counsel to file an appeal nor

AO 72A
(Rev.8/82)

<u>Santiago-Alicea v. USA</u>                                                          Page -4-
Civil No. 97-1879(SEC)
Re: Criminal No. 95-428(SEC)

asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." <u>Flores-Ortega</u>, 120 S.Ct. at 1034.

We look, as mandated by <u>Flores-Ortega</u>, <u>id</u>., at 1036, to the totality of the circumstances to determine whether counsel had "a constitutionally-imposed duty to consult with the defendant about [the] appeal," that is, whether counsel had "reason to think either (1) that a rational defendant would want to appeal ... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id</u>.

In this case, an examination of the record as a whole indicates both that it was not professionally unreasonable for counsel to think that petitioner would not want to appeal and that petitioner did not reasonably demonstrate to counsel that he was interested in appealing. As in <u>Flores-Ortega</u>, <u>id</u>., the petitioner's guilty plea not only "reduce[d] the scope of potentially appealable issues" but serves as indicator that petitioner sought "an end to judicial proceedings." Moreover, the plea bargaining process itself rendered the more lenient sentence of 10 years imprisonment, the statutory minimum, vis à vis the potential exposure to a maximum term of life imprisonment. It stands to reason that petitioner would have considered it advantageous to secure and finalize an agreement with the government stipulating that he would serve the statutory minimum term of imprisonment. This sense of finality to the judicial proceedings is further bolstered by the

<u>Santiago-Alicea v. USA</u>                                                                                           Page -5-
Civil No. 97-1879(SEC)
Re: Criminal No. 95-428(SEC)

parties' detailed agreement concerning the applicable guideline adjustments and that "no further adjustments to the defendant's base offense level shall be made." (Docket No. 26 at 3 ¶ 3 h.). Precisely, this is the same agreement from which petitioner now reneges citing ineffective assistance of counsel.

Petitioner's arguments that counsel misguided the Court into believing that he was not a minor participant is simply baseless. The parties entered into a stipulation that no upward or downward adjustments to his role in the offense would be made (Docket No. 26 at 2 ¶ 3 e.). The Court's examination of the Plea Agreement and the petitioner himself at both the Change of Plea and Sentencing Hearings supports the conclusion that petitioner's actions were informed, voluntary, and intelligent, and that the government established a sufficient factual basis for the plea. (Docket Nos. 33 and 35). As in <u>Ryan</u>, <u>supra</u>, the fact that "[p]etitioner's conviction was the result of a guilty plea ... suggests that the defendant wished to terminate judicial proceedings, and not pursue further litigation." Furthermore, the fact that petitioner bargained his plea and was sentenced as per the stipulated terms of his agreement, "weighs strongly against a finding that a rational defendant would wish to appeal." <u>Ryan</u>, <u>supra</u>.

In fact, because petitioner was sentenced to the statutory minimum sentence his arguments concerning guideline adjustments are self-defeating because, regardless of the Criminal History assignment and other guidelines adjustments, the statutory minimum imposed is the lowest sentence that can be legally imposed. It is well-settled that, absent substantial assistance to the government or satisfaction of the safety-valve provisions, the

Santiago-Alicea v. USA  Page -6-
Civil No. 97-1879(SEC)
Re: Criminal No. 95-428(SEC)

Court cannot disregard the applicable statutory and/or guideline minimum terms. See, 18 U.S.C. § 3553(f); U.S.S.G. §§ 5C1.2, 5K1.1 p.s. See, e.g., United States v. Cruz, 213 F.3d 1, ___ (1st Cir. 2000) (No. 99-1330). In any event, the statutory minimum imprisonment term of 10 years is within the Guideline Sentencing Range.[3]

Conclusion

The Court finds, having presided over the change of plea and sentencing proceedings and based on the totality of the circumstances and the record as a whole, that petitioner has failed to demonstrate a desire to appeal prior to filing the instant habeas petition. Furthermore, petitioner has not demonstrated that his failure to appeal was attributable to the dereliction of counsel. On the contrary, the record supports the conclusion that it was not professionally unreasonable for counsel to think that petitioner would not want to appeal and that petitioner did not reasonably demonstrate to counsel that he was interested in appealing.

WHEREFORE, although the Court has made findings based on the totality of the circumstances, it reserves entry of final judgment until, as in Ryan, appearing counsel for the petitioner file respective affidavits or unsworn declarations under penalty of perjury describing their communications with petitioner regarding his right to appeal the sentence. Both counsel are hereby ORDERED to comply as indicated herein by tendering the

---

[3] Sentence was imposed based on a Base Offense Level of 29 and a Criminal History Category of III, rendering a Guideline Sentencing Range of 108-135 months. (Docket No. 36 at 4).

required documents for filing, within thirty (30) days from the date of this Order, with due notification to AUSA Aixa Maldonado. As counsel were, at the time, employed by the Office of the Federal Public Defender,[4] copy of this Opinion and Order shall be served upon Federal Public Defender Joseph C. Laws, Jr., who shall provide assistance to the Court in securing due compliance with this Order.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12TH day of July, 2000.

SALVADOR E. CASELLAS
U.S. DISTRICT JUDGE

---

[4] Petitioner was represented by Gustavo A. Gelpí, Jr., at the Change of Plea Hearing, and by Miguel A. A. Nogueras-Castro, at sentencing.

AO 72A
(Rev.8/82)