IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE ANTONIO SANTIAGO-ALICEA

Petitioner

v.

UNITED STATES OF AMERICA

Respondent

CIVIL NO. 97-1879(SEC)
Re: Criminal No. 95-428(SEC)

Section 2255

## ORDER

On July 13, 2000, the Court entered a detailed Order with findings of fact and conclusions of law determining as follows:

> The Court finds, having presided over the change of plea and sentencing proceedings and based on the totality of the circumstances and the record as a whole, that petitioner has failed to demonstrate a desire to appeal prior to the filing of the instant habeas petition. Furthermore, petitioner has not demonstrated that his failure to appeal was attributable to the dereliction of counsel. On the contrary, the record supports the conclusion that it was not professionally unreasonable for counsel to think that petitioner would not want to appeal and that petitioner did not reasonably demonstrate to counsel that he was interested in appealing.

(Docket No. 19 at 6).

Notwithstanding, the Court withheld entry of final judgment until both counsel who appeared on petitioner's behalf in the proceedings had before it submitted declarations concerning their communications with the petitioner regarding the right to appeal.

AO 72A
(Rev.8/82)

Santiago-Alicea v. USA                                              Page -2-
Civil No. 97-1879(SEC)
Re: Criminal No. 95-428(SEC)

Both counsel, former assistant federal public defenders, have submitted respective declarations. (Docket Nos. 23, 25). On the one hand, Mr. Gustavo Gelpí, Jr.'s declaration reflects that his representation of the petitioner was limited to the Change of Plea Hearing and never discussed with petitioner the matter of an appeal. Mr. Miguel A.A. Nogueras, on the other hand, indicates that he discussed petitioner's right to an appeal both before and after the sentence:

> Specifically, we told him that our office would appeal his case, at no cost to him, should he wish to exercise his right. Moreover, we discuss (sic) the pros and cons of an appeal. After the Court pronounced its judgment and sentence, Defense Counsel advised Mr. Santiago-Alicea not to appeal his sentence because there were no legal issues for appeal. Mr. Santiago-Alicea agreed with Defense Counsel and instructed us not to appeal.

(Docket No. 25 at ¶ 6).

Pursuant to the findings entered in the Court's Order of July 13, 2000 (Docket No. 19), and having considered petitioner's motions (Docket Nos. 2, 8, 13), and the United States' (Docket No. 12) and counsels' submissions (Docket Nos. 23, 25), the Court is now in a position to enter final judgment dismissing petitioner's Section 2255 motion. We restate:

> As in Ryan [v. United States], [97 F.Supp.2d 190 (D. Mass, 2000) (No. 97-10867-DPW)], the fact that "[p]etitioner's conviction was the result of a guilty plea ... suggests that the defendant wished to terminate judicial proceedings, and not

AO 72A
(Rev 8/82)

Santiago-Alicea v. USA                                                         Page -3-
Civil No. 97-1879(SEC)
Re: Criminal No. 95-428(SEC)

> pursue further litigation." Furthermore, the fact that petitioner bargained his plea and was sentenced as per the stipulated terms of his agreement, "weighs strongly against a finding that a rational defendant would wish to appeal." Ryan, supra.
>
> In fact, because petitioner was sentenced to the statutory minimum sentence his arguments concerning guideline adjustments are self-defeating because, regardless of the Criminal History assignment and other guidelines adjustments, the statutory minimum imposed is the lowest sentence that can be legally imposed. It is well-settled that, absent substantial assistance to the government or satisfaction of the safety-valve provisions, the Court cannot disregard the applicable statutory and/or guideline minimum terms. See, 18 U.S.C. § 3553(f); U.S.S.G. §§ 5C1.2, 5K1.1 p.s. See, e.g., United States v. Cruz, 213 F.3d 1, ___ (1st Cir. 2000) (No. 99-1330). In any event, the statutory minimum imprisonment term of 10 years is within the Guideline Sentencing Range.

(Docket No. 19 at 5). In sum, the record as a whole belies petitioner's allegation that he instructed counsel to appeal.

WHEREFORE, all premises considered petitioner's Section 2255 motion (see, Docket Nos. 2, 8, 13) is DISMISSED; judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2 day of November, 2000.

SALVADOR E. CASELLAS
U.S. DISTRICT JUDGE

AO 72A
(Rev.8/82)